J-S63003-18

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                                : PENNSYLVANIA
                                                :

v. :

:

ERICA NICOLE HILL :

                                                :

Appellant : No. 1055 WDA 2017

Appeal from the Judgment of Sentence May 15, 2017
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s):  CP-02-CR-0008605-2016

BEFORE:   OTT, J., MURRAY, J., and STEVENS*, P.J.E.

MEMORANDUM BY OTT, J.:                      FILED NOVEMBER 15, 2018

     Erica Nicole Hill appeals the judgment of sentence imposed on May 15, 2017, in the Court of Common Pleas of Allegheny County.  The trial judge found Hill guilty of two counts of receiving stolen property (RSP), and sentenced her to two, consecutive six month terms of probation.  The trial judge also ordered Hill to pay $110 restitution to Merle Schilpp[1] and $110 restitution to Barbara Gusew.  Hill contends (1) the trial court imposed an illegal restitution award when it ordered a total of $220 of restitution even though no evidence of value of the jewelry was put in the record, and (2) the trial court erred in sentencing the two RSP offenses, with one count graded as

_____

* Former Justice specially assigned to the Superior Court.

[1] This spelling for the name appears in the transcripts.  The trial court also states the name as "Murrell Schlapp" and "Merle Schlipp." See Trial Court Opinion, 6/26/2018, at 1 and n.2.

a Misdemeanor 1 (M1) offense and the other a Misdemeanor 2 (M2) offense, when no value of the missing property was submitted as evidence during the non-jury trial, rendering both offenses the lowest possible grade, a Misdemeanor 3 (M3). See Hills' Brief at 7.[2] Based upon the following, we affirm.

The parties are well acquainted with the factual and procedural history and we need not reiterate it here. See Trial Court Opinion, 6/26/2018, at 1-6. We simply state that the charges against Hill arose after she pawned jewelry stolen from residents of the assisted living facility where Hill was employed.

Hill first argues the trial court imposed an illegal sentence because no value of the stolen property was presented to the court. Hill argues that, while trial counsel stated at sentencing that he discussed restitution with the district attorney and that the amount was $220, the sentence is illegal in the absence of the district attorney, in conjunction with the victim, providing on the record evidence of restitution owing. See Hill's Brief at 21.

Preliminarily, we recognize:

> Although an award of restitution lies within the discretion of the [trial] court, it should not be speculative or excessive[,] and we must vacate a restitution order which is not supported by the record. …

---

[2] Counsel for Hill filed a Petition for Permission to File a Concise Statement of Errors Complained of on Appeal Nunc Pro Tunc, and a Rule 1925(b) statement on September 8, 2017, and the trial court addressed the issues raised in the concise statement. See Trial Court Opinion, 6/26/2018, at 1.

Commonwealth v. Crosley, 180 A.3d 761, 771 (Pa. Super. 2018) (citation omitted), appeal denied, ___ A.3d ___ (Pa. October 3, 2018).

> An appeal from an order of restitution based upon a claim that it is unsupported by the record challenges the legality, rather than the discretionary aspects, of sentencing; as such, it is a non-waivable matter. The determination as to whether a trial court imposed an illegal sentence is a question of law; an appellate court's standard of review in cases dealing with questions of law is plenary.

Id. (citation omitted).

> Furthermore, Section 1106(c) of the Crimes Code provides:

> (c) Mandatory restitution.

> ...

> (2) At the time of sentencing the court shall specify the amount and method of restitution. In determining the amount of restitution, the court:

>> (i) Shall consider the extent of injury suffered by the victim, the victim's request for restitution as presented to the district attorney in accordance with paragraph (4) and such other matters as it deems appropriate."

> ...

> (4)

>> (i) It shall be the responsibility of the district attorneys of the respective counties to make a recommendation to the court at or prior to the time of sentencing as to the amount of restitution to be ordered. This recommendation shall be based upon information solicited by the district attorney and received from the victim.

18 Pa.C.S. § 1106(c)(2)(i), (4)(i).

Here, at the nonjury trial, the Commonwealth presented Commonwealth Exhibits 1 and 2, which were photographs from Jewelry Deposit Inc. and Max Point Gold Buyers, respectively. These exhibits reflected the information obtained during the sales of the stolen jewelry. Specifically, the exhibits show images of the items sold, Hill's drivers' license, and the amount paid to Hill. Commonwealth Exhibit 1 shows that on May 16, 2018, Hill was paid $118 for rings that belonged to the mother of Ms. Gusew. Commonwealth Exhibit 2 reflects Hill was paid $110 for tangled necklaces and a butterfly pendant that belonged to the mother of Ms. Schilpp.

Although the amounts that Hill received for the items were not stated on the record, trial counsel stipulated to the admission of Exhibits 1 and 2,[3] and Commonwealth Exhibits 1 and 2 are included in the certified record.[4] Furthermore, as the trial court points out in its opinion, "[t]he record supported the amount of restitution where [Hill's] attorney and district attorney agreed to the amount of restitution and informed the [c]ourt of what the restitution should be set at." Trial Court Opinion, 6/26/2018, at 7, citing N.T., 5/15/2017 (Sentencing), at 3. Therefore, the evidence was sufficient to

_____

[3] See N.T., 2/16/2017, at 12, 14.

[4] See Commonwealth Stipulated Petition to Modify Record on Appeal, 8/29/2018.

establish the value of the items stolen.[5]  Accordingly, we reject Hill's first argument.

In her second issue, Hill raises a challenge to the sufficiency of the evidence for grading purposes regarding her convictions.  Hill claims the trial court erred in grading her RSP convictions as Misdemeanor 1 and 2 offenses, as opposed to grading them each as a Misdemeanor 3.   Hill again argues no testimony or evidence was provided to the trial court regarding the value of the stolen jewelry.  Therefore, Hill asserts, under the statute governing the grading for theft offenses, both counts should be graded as misdemeanors of the third degree.  Alternatively, Hill argues both offenses should be graded as misdemeanors of the second degree based upon the $110 restitution ordered for each count.

"When reviewing a case to determine the sufficiency of the evidence, the court must view the evidence presented in the light most favorable to the verdict winner, and draw reasonable inferences from that evidence." Commonwealth v. Figueroa, 859 A.2d 793, 797 (Pa. Super. 2004).  "Under Pennsylvania law, the classification of theft offenses is based upon the value of the stolen property."  Id.

_____

[5] While the Commonwealth and the trial court suggest this Court could determine a remand is appropriate so that the valuation of the items could be stated on the record, we conclude remand is unnecessary.

Relevant to Hill's argument, Section 3903, regarding grading, provides, in relevant part:

> (b) Other grades.--Theft not within subsection (a), (a.1) or (a.2), constitutes a misdemeanor of the first degree, except that if the property was not taken from the person or by threat, or in breach of fiduciary obligation, and:
>
>> (1) the amount involved was $ 50 or more but less than $ 200 the offense constitutes a misdemeanor of the second degree; or
>>
>> (2) the amount involved was less than $ 50 the offense constitutes a misdemeanor of the third degree.
>
> (c) Valuation.—The amount involved in a theft shall be ascertained as follows:
>
>> (1) Except as otherwise specified in this section, value means the market value of the property at the time and place of the crime, or if such cannot be satisfactorily ascertained, the cost of replacement of the property within a reasonable time after the crime.
>> ...
>>
>> (3) When the value of property cannot be satisfactorily ascertained pursuant to the standards set forth in paragraphs (1) and (2) of this subsection its value shall be deemed to be an amount less than $ 50. ...

18 Pa.C.S. § 3903(b), (c)(1), (3).

As discussed above, the Commonwealth submitted Exhibits 1 and 2, which reflected the value of the jewelry. Thus, the evidence was sufficient to show that both counts involved property worth $50 or more, and as such, both offenses were properly graded as misdemeanors greater than the third degree. See Figueroa, supra, 859 A.2d at 797-798 (finding sufficient

evidence of the value of the stolen property to grade defendant's offense of theft by deception as a third degree felony).

Moreover, at Count 1, the stolen property involved a wedding ring and a wedding band. Barbara Gusew, the daughter of the victim at Count 2, stated she noticed the rings on her mother's finger were missing from her mother's hand. She testified her mother always wore the rings on her finger, and the rings did not slide off easily. See N.T., 2/16/2017, at 20-21.

When a theft involves the taking of property, which has a value of less than $ 2,000, from the person of another, the offense is a misdemeanor of the first degree. Commonwealth v. Williams, 567 A.2d 709 (Pa. Super. 1989). "[I]n disputed cases, the determination of whether property was taken from the person for purposes of grading the offense is normally a question for the [factfinder], just as the value of stolen items, when disputed, is a [factual] question." Commonwealth v. Shamberger, 788 A.2d 408, 418 (Pa. Super. 2001).

Here, the testimony of Ms. Gusew was sufficient to establish that the rings were "taken from the person" of her mother. As such, the offense at Count 1 was properly graded as a first degree misdemeanor.

At Count 2, the stolen property involved tangled necklaces and a butterfly pendant. The evidence showed these items were taken from a chest of drawers in the room of Ms. Schilpp's mother, and pawned by Hill for $110. Therefore, Count 2 was properly graded as a second degree misdemeanor.

Accordingly, finding no merit in the arguments presented by Hill, we affirm.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 11/15/2018